IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-252-BO

| | |
|---|---|
| GEORGE R. EVANS,<br>Plaintiff, | )<br>)<br>) |
| v. | )     O R D E R |
| CHRISTOPHER CAPPS, et al.,<br>Defendants. | )<br>)<br>)<br>) |

This matter is before the Court on motions to dismiss by all defendants. Also pending are plaintiff's motion for entry of default judgment, motion is letter form, motion of evidence, and plaintiff's motions in opposition to the motions to dismiss.

## BACKGROUND

Plaintiff's complaint alleges that on March 30, 2014, plaintiff was sitting in his vehicle in South Carolina when he was surrounded and subsequently pursued by South Carolina authorities in a vehicle chase. After he crossed back into North Carolina he was pursued by approximately forty law enforcement vehicles, including members of the Columbus County Sheriff's Office and North Carolina State Highway Patrol. Plaintiff alleges that he ran out of gas and exited the vehicle with his hands raised holding a weapon clearly visible to the officers. Plaintiff alleges that as he was in the process of putting his weapon down he was shot by law enforcement officers and was hit by approximately forty-three rounds. Plaintiff sustained serious injuries. Plaintiff filed his complaint under 42 U.S.C. §§ 1983, 1985, 1988 alleging that the officer defendants violated plaintiff's civil rights by using excessive force and discriminating against him based on his race.

After dismissing plaintiff's complaint pursuant to the three strikes provision of the Prisoner Litigation Reform Act, see 28 U.S.C. § 1915(g); *Altizer v. Deeds*, 191 F.3d 540, 544-45 (4th Cir. 1999), the Court amended its judgment and reinstated plaintiff's complaint because plaintiff had in fact paid the filing fee. *See e.g. McLean v. United States*, 566 F.3d 391, 393 (4th Cir. 2009). The Court further reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A, which provides that courts must screen complaints filed by prisoners and dismiss any claims which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted". 28 U.S.C. § 1915A(b)(1); *see also Johnson v. Hill*, 965 F. Supp. 1487, 1488 (E.D. Va. 1997) ("the plain language of [§ 1915A] clearly allows the court to conduct a review even if the plaintiff is not proceeding *in forma pauperis* and has paid the full fee."). Viewing plaintiff's allegations as true, the Court declined to dismiss plaintiff's claims under § 1915A as plaintiff has pleaded sufficient factual content to allow the Court to draw the reasonable inference that defendants are liable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court then dismissed plaintiff's request for relief in the form of grand jury review and indictment of defendants.

## DISCUSSION

Defendants Capps, Richardson, and Weisinger (State Highway Patrol defendants) and defendants Barber, Barnes, Byrd, Hatcher, Heron, McPherson, and Noble (Columbus County Sheriff and deputy defendants) move to dismiss plaintiff's complaint against them for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. Fed. R. Civ. P. 12(b)(1); (2); (6).

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642,

2

647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inference in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief" and which provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations, alterations, and citations omitted). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The State Highway Patrol defendants have asserted Eleventh Amendment immunity for plaintiff's claims against them in their official capacities. "The Eleventh Amendment bars suit against non-consenting states by private individuals in federal court." *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). State officials sued in their official capacity

3

for damages are also protected by Eleventh Amendment immunity. *Ballenger v. Owens*, 352 F.3d 842, 845 (4th Cir. 2003); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither State nor state officials acting in official capacity are "persons" subject to suit under § 1983). Plaintiff seeks only damages and no prospective relief in his complaint, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984), and plaintiff's claims against the State Highway Patrol defendants in their official capacities are therefore barred and appropriately dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(1). *Roach v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48 (4th Cir. 1996) (district court lacks subject matter jurisdiction to consider claim barred by Eleventh Amendment); *see also Haley v. Virginia Dep't of Health*, No. 4:12-CV-00016, 2012 WL 5494306, at *2 n.2 (W.D. Va. Nov. 13, 2012).

In regard to the remaining claims against the State Highway Patrol defendants and the Columbus County Sheriff and deputy defendants, the Court has previously considered plaintiff's complaint in light of the applicable Rule 12(b)(6) standard when reviewing plaintiff's complaint under 28 U.S.C. § 1915A. Having already determined that plaintiff has stated a plausible claim for relief, the motions to dismiss on this ground are denied. The Court expressly reserves its ruling on the defense of qualified immunity for summary judgment.

Defendant Groom moves to dismiss plaintiff's complaint against him for failure to effect proper service within the time provided under Rule 4(m) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(4); (5). Rule 4(m) of the Federal Rules of Civil Procedure provides that

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

4

Fed. R. Civ. P. 4(m).[1]

The docket in this action indeed reflects that the United States Marshals Service was unable to make service on defendant Groom at the address provided by plaintiff on the summons. [DE 25]. Plaintiff has now come forward in response to the instant motion and asserts that he has obtained the proper address for defendant Groom. [DE 57]. The Court construes plaintiff's motion in letter form as a request to extend the time to effect proper service and grants plaintiff's motion. Service on defendant Groom must be made not later than November 18, 2016. The clerk shall provide to plaintiff a new summons for completion to be returned to the clerk for issuance and provision to the United States Marshals Service for service. Plaintiff's motion for entry of default judgment against Groom is denied.

## CONCLUSION

The State Highway Patrol defendants' motion to dismiss [DE 44] is GRANTED IN PART and DENIED IN PART. The Columbus County Sheriff and deputy defendants' motion to dismiss [DE 29] is DENIED. Defendant Groom's motion to dismiss [DE 49] is DENIED. Plaintiff's motion for entry of default judgment [DE 42] is DENIED and plaintiff's motion in letter form at [DE 57] as construed herein is GRANTED. Plaintiff's motion of evidence [DE 58] is DENIED without prejudice as premature.

Plaintiff has improperly denominated his responses in opposition to defendants' motions to dismiss as motions of opposition. The clerk is DIRECTED to terminate as pending these motions at [DE 41, 53, 54, 56]. The clerk is further DIRECTED to provide to plaintiff with service of this order a blank summons for plaintiff to complete and return for issuance. Once a

---

[1] The Court in its order reinstating plaintiff's complaint stated that the time period within which to make service on defendants shall begin as of the date of entry of the Court's order, March 14, 2016.

5

new summons has been received and issued, the clerk shall provide the United States Marshals Service with a copy of the summons, complaint, and this order for service on defendant Groom.

SO ORDERED, this 20 day of October, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE