IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CONSOLIDATED ACTION

| | | |
|---|---|---|
| GEORGE REYNOLD EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 7:15-CV-252-BO |
| | ) | |
| CHRISTOPHER CAPPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| GEORGE R. EVANS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 7:17-CV-4-BO |
| | ) | |
| MICHAEL GROOM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the court on the (1) motion of Plaintiff George Evans ("Evans") to

compel discovery from Defendant Christopher Capps ("Capps") [DE-120], and (2) motion of non-

party movants William T. Evans and the North Carolina State Bureau of Investigation (altogether

"Movants") to quash a subpoena duces tecum Evans has served upon each of them [DE-135]. All

responsive briefing is complete,[1] and Capps has provided to the court his responses to Evans'

---

[1] Evans filed a reply to Capps' response. [DE-132]. Despite Evans naming his filing "Counter Motion to
Defendant's Motion of Opposition to Plaintiff's Motion to Compel," the court is not bound by Evans' characterization
and finds this document to be an impermissible reply. *See* Local Civil Rule 7.1(f)(2) ("Replies are not permitted in
discovery disputes."). Accordingly, the court will not consider this filing and the clerk is directed to terminate the
"motion." *See Wilkins v. Vaughn*, No. 5:13-CT-3272-D, 2015 WL 10913526, at *1, n.1 (E.D.N.C. Apr. 17, 2015),
*dismissed sub nom. Wilkins v. Waddell*, 620 F. App'x 192 (4th Cir. 2015). Similarly, Evans filed his response to the
motion to quash as a "Motion to Dismiss the Motion to Quash." [DE-141]. The court has considered this filing as a
response, and the clerk is directed to terminate the "motion."

discovery requests as ordered. [DE-147 through -151]. All issues raised in the briefing are ripe for decision and are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons that follow, Evans' motion to compel [DE-120] is allowed in part and denied in part and Movants' motion to quash [DE-135] is allowed in part and denied in part.

## I. BACKGROUND

On March 30, 2014, Evans was sitting in his vehicle in South Carolina when he was surrounded and subsequently pursued by South Carolina authorities in a vehicle chase. After he crossed into North Carolina he was pursued by approximately forty law enforcement vehicles, including members of the Columbus County Sheriff's Office and the North Carolina State Highway Patrol. Evans ran out of gas and exited the vehicle with his hands raised holding a weapon clearly visible to the officers. Evans was in the process of putting his weapon down when he was shot by law enforcement officers and was hit by approximately forty-three rounds. Evans sustained serious injuries. Evans filed his complaint under 42 U.S.C. §§ 1983, 1985, 1988, alleging that the officer defendants violated Evans' civil rights by using excessive force and discriminating against him based on his race. Compl. [DE-1]. The claims raised in this action are for supervisory liability, pattern or practice of disregard of constitutional rights, and failure to properly train/deliberate indifference against Sheriff Hatcher, excessive force, equal protection violation, due process violations, cruel and unusual punishment and racial profiling. [DE-1, -129]. Evans further cites to claims under the North Carolina Constitution and North Carolina General Statutes in his complaint. *Id.*

In an order filed June 26, 2017, the court consolidated the instant case with a subsequent complaint plaintiff filed in state court that was ultimately removed to this court. [DE-129]. Each of Evans' complaints makes similar claims arising out of the March 30, 2014 incident with law

2

enforcement. In the second case, Evans alleges state law claims for negligence, gross negligence, intentional torts, excessive force, intentional infliction of emotional distress, unconstitutional policy or customs, failure to properly screen, train, and supervise deputies, deliberate indifference to continuing constitutional violations by deputies, and supervisory liability. The court directed that all claims raised by Evans shall be adjudicated in the first-filed case and instructed Evans to file an amended complaint by July 14, 2017, alleging all claims raised in the two complaints. *Id.*

Evans has alleged the following against Capps. Capps is an employee of the North Carolina Highway Patrol. During the encounter with law enforcement on March 30, 2014, Evans was in the process of lowering his weapon when Capps was the first to fire his weapon, causing other officers to fire their weapons at Evans. Capps fired a total of 13 rounds at Evans. According to Evans, Capps conspired with several deputies to make it appear as if Evans was attempting to shoot another law enforcement officer (Sergeant Gore) in order to justify the use of force against Evans. Officer Capps told the North Carolina State Bureau of Investigation that he was trained to take the target out and continue firing his weapon until the target is no longer a threat. Capps used excessive force against Evans violating his rights under due process, state law, and the Eighth Amendment. According to Evans, all defendants failed to follow standard protocol for a felony stop by not surrounding the vehicle and failed to follow proper procedure and policy by shooting him when he was attempting to surrender to law enforcement. As a result of Capps' behavior and training he violated Evans' civil rights under North Carolina General Statutes and the North Carolina Constitution. [DE-1].

On February 14, 2017, Evans served written discovery requests on Capps including a request for the production of documents. [DE-127] at 2. Capps provided his responses on May 26, 2017,

3

and supplemented his responses on June 15, 2017. *Id.* On June 8, 2017, Evans filed his motion to compel Capps to respond to his Requests for Production of Documents Nos. 4–5, 7–10, 12, 16, and 21–25. [DE-120].

## II. DISCUSSION

### A.  Motion to Compel

#### 1.  Standard of Review

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including interrogatories, requests for production of documents, and requests for admission. *See generally* Fed. R. Civ. P. 26–37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection, Inc., v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) (citation omitted).

Rule 34 governs requests for production of documents. A party seeking discovery may serve

a request on another party asking him to permit the requesting party "to inspect, copy, test, or sample

. . . any designated documents or electronically stored information . . . or . . . any designated tangible

things" that constitute or contain matters within the scope of Rule 26(b) and which are in the

possession, custody or control of the party upon whom the request is served. Fed. R. Civ. P. 34(a).

A party asserting an objection to a particular request "must specify the part [to which it objects] and

permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). "While Rule 34 of the Federal Rules of

Civil Procedure does not contain the same specificity and waiver provisions as Rule 33 of the

Federal Rules of Civil Procedure, the Advisory Committee notes to Rule 34 state that '[t]he

procedure provided in Rule 34 is essentially the same as that in Rule 33.'" *Mainstreet Collection*,

270 F.R.D. at 240–41 (quoting Fed. R. Civ. P. 34 advisory committee notes (1970 Amend.)).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ.

P. 37(a)(3)(B). The motion to compel must "include a certification that the movant has in good faith

conferred or attempted to confer with the person or party failing to make disclosure or discovery in

an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Similarly, Local Civil Rule

7.1(c) requires that "[c]ounsel must also certify that there has been a good faith effort to resolve

discovery disputes prior to the filing of any discovery motions." *See Jones v. Broadwell*, No. 5:10-

CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. May 8, 2013) (denying motion to compel which

did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

### 2. Analysis

Evans claims that Capps has failed to answer Requests for Production Nos. 4–5, 7–10, 12,

16, and 21–25. Capps responds that he has produced all documents and items of which he has

possession, custody or control or has properly asserted an objection. [DE-127]; [DE-147] at 3. Each

5

of Evans' disputed discovery requests is addressed in turn below.

**Request No. 4. All training manual [sic] used for his training including test scores.**

Capps objected to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.[2] [DE-150] at 2. Capps responds further that "all training manuals" used in the training of a North Carolina State Highway Patrol ("SHP") trooper would be voluminous and address numerous issues, most of which have nothing to do with Evans' allegations. [DE-127] at 3. However, in his supplementation, Capps provided Evans with a complete copy of the SHP Policy Manual, which addresses, among many other subjects, the use of deadly force and high speed pursuits. *Id.* Capps explains further that SHP does not conduct diversity/race/national origin training, but that this training is provided by the NC Justice Academy to SHP Troopers. *Id.* Capps further provided Evans with the outline and training material the NC Justice Academy used to train SHP troopers on diversity/race/national origin issues. *Id.*

The request is overly broad, extending to documents not relevant to the claims or defenses at issue. The request fails to define the types of manuals sought and leaves it to Capps or the court to speculate what manuals there may be that are relevant to Evans' claims. Nonetheless, judging from the nature of Evans' claims, SHP manuals corresponding to training Capps received on the use of deadly force and high speed pursuits are relevant. Accordingly, and unless previously produced, within 14 days of this order, Capps is directed to produce all formal training manuals in his

---

[2] Capps has objected to several of Evans' requests on the grounds the request is not reasonably calculated to lead to the discovery of admissible evidence. However, the amendments to the Federal Rules of Civil Procedure that went into effect in December 2015 deleted the "reasonably calculated" language from Rule 26. That Rule now provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

6

possession custody or control related to training he received on the use of deadly force and high speed pursuits.

### Request No. 5. Policy and procedure on excessive force and racial profiling.

Capps objected to this request on the grounds the request is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. [DE-150] at 2–3. Capps has provided Evans with a copy of the SHP Use of Force policy, and information concerning diversity/race/national origin was provided in Capps' supplemental response. [DE-127] at 4.

The request is overly broad, extending to a time period not relevant to the claims or defenses at issue. Nonetheless, the SHP policy and procedure on the use of force and racial profiling in effect at the time of the alleged incident is relevant. Accordingly, and unless previously produced, Capps is directed to produce responsive documents within 14 days of this order.

### Request No. 7. IAD procedure from his job. The whole manuals.

Capps objected to this request on the grounds the request is vague, overly broad, and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. [DE-150] at 3. Capps responded further that he is not a member of the Internal Affairs Division ("IAD") and therefore does not have possession or control of any of IAD documents. [DE-127] at 4. Capps states that upon his information and belief, IAD does not have a procedural manual, but operates under the SHP policy, a copy of which Capps has provided to Evans in his supplemental response. *Id.*

The request is unclear as to what documents are sought and is therefore vague. Capps has responded that he does not have possession, custody or control of any responsive documents. Accordingly, Evans' motion is denied as to this request.

7

### Request No. 8. Felony pursuit procedure and PIT maneuvers.

According to his discovery response, Capps has provided Evans with a copy of the SHP Policy, Directive B.2, addressing Extraordinary Patrol Vehicle Operations and Directive B.3, addressing Forced Vehicle Stops. [DE-150] at 3.

Documents related to SHP procedure on pursuit and Pursuit Intervention Technique ("PIT") maneuvers in effect at the time of the alleged incident are relevant to Evans' claims against Capps. Accordingly, unless previously produced, Capps is directed to provide responsive documents within 14 days of this order.

### Request No. 9. All certification of training.

Capps objected to this request on the grounds it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. [DE-150] at 3. Capps further objected on the grounds the request seeks personal and confidential information protected from disclosure in accordance with N.C. Gen. Stat. § 126-22. *Id.*

According to North Carolina General Statutes, certain information contained in a state employee's personnel file is confidential. *See* N.C. Gen. Stat. § 126-22 *et seq.* However, "[a] party by authority of a proper court order may inspect and examine a particular confidential portion of a State employee's personnel file." *Id.* § 126-24(4). It is provided further, however, that "persons in the custody of, or under the supervision of, the Division of Adult Correction and persons in the custody of local confinement facilities are not entitled to access to the records made public under this section and are prohibited from obtaining those records, absent a court order authorizing access to, or custody, or possession." *Id.* § 126-23(d).

The request is vague and overly broad seeking materials not limited in time or substance to

8

Evans' allegations. Furthermore, the request for "training certification" is non-specific and susceptible to multiple meanings. However, certification that Capps has received training on the use of force, pursuit of vehicles, and racial profiling is relevant to the claims and defenses alleged. Accordingly, Capps shall produce responsive documents subject to a protective order governing the use of such documents. The parties are hereby directed to file a joint proposed protective order or separately proposed orders if they are unable to come to an agreement. Upon entry of a protective order by the court, Capps shall provide documents responsive to this request.

### Request No. 10. Driving records.

Capps objected to this request on the grounds its is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. [DE-150] at 3. Capps objected further on the grounds the request seeks personal and confidential information protected pursuant to N.C. Gen. Stat. § 126-22. *Id.* Capps argues that Evans' allegations concern the shooting incident, not the chase, and that Evans has failed to show how this information could lead to any ·information that would support his claims. [DE-127] at 4.

The request is vague and overly broad extending to documents not relevant to the claims or defenses in this matter. The request is not limited in time or to particular individuals. The request is also susceptible to numerous meanings. The manner in which Capps' operated his patrol car during the alleged incident and whether his operation violated any policy or procedure is relevant to the claims and defenses in this case. Accordingly, Capps shall produce responsive documents subject to a protective order governing the use of such documents, pursuant to the procedure set forth above.

9

## Request No. 12. Promotion and evaluation review and disciplinary action for mis [sic] behavior.

Capps objected to this request on the grounds the request is vague, overly broad, and unduly burdensome. [DE-150] at 4. Capps objected further on the grounds the request seeks personal and confidential information protected pursuant to N.C. Gen. Stat. § 126-22. *Id.*

This request is vague to the extent it fails to particularize the documents sought. The request is overly broad to the extent it seeks information and individuals unrelated to the claims and defenses in this case. Nonetheless, documents reflecting Capps' job performance and disciplinary record while employed by the SHP is relevant to the claims and defenses is this case. Accordingly, Capps shall produce documents showing evaluations of Capps performance of his job duties with the SHP, including any disciplinary actions against him for the performance of his duties for a period of two years preceding the incident alleged by Evans. Furthermore, Capps shall produce responsive documents subject to a protective order governing the use of such documents, pursuant to the procedure set forth above.

## Request No. 16. Incident report for complaints. A copy of all complaint [sic] filed against him.

Capps objected to this request on the grounds the request is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. [DE-150] at 4. Capps objected further on the grounds the request seeks personal and confidential information protected pursuant to N.C. Gen. Stat. § 126-22. *Id.* Capps responded, however, that citizens' complaints are addressed in the SHP Manual Directive H.1, a copy of which he produced to Evans. *Id.* at 4–5. It appears, however, that Evans seeks the actual reports rather than the policy.

Formal complaints against Capps for the performance of his duties as an employee of the

SHP are relevant to the claims and defenses in this matter. Accordingly, Capps shall produce all

formal complaints against him related to the performance of his job duties as an employee of the

SHP within two years preceding the incident alleged in the complaint. Furthermore, Capps shall

produce responsive documents subject to a protective order governing the use of such documents,

pursuant to the procedure set forth above.

### Request No. 21. Type of weapon he carry [sic] and load and any backup weapon.

Capps objected to the request on the grounds the request is an interrogatory. Without

waiving the objection Capps responded in discovery that he used a standard-issue Smith &Wesson

.357 during the incident that is the subject of the complaint and no backup weapon. [DE-150]; [DE-

127] at 5. It appears Capps sufficiently responded, and the motion is denied as to this request.

### Request No. 22. Departmental Operational manuals.

Capps objected to this request on the grounds the request is vague, overly broad, and unduly

burdensome. [DE-150] at 5. Capps objected further to the request to the extent "any such manuals

may contain confidential information concerning law enforcement activity." *Id.* In his supplemental

response however Capps provided the complete SHP policy manual. [DE-127] at 6.

This request is overly broad to the extent it extends to materials concerning SHP operations

that are unrelated to the allegations in the complaint. Nonetheless, any manuals detailing SHP

procedure with respect to vehicle pursuit, the use of force, and racial profiling are relevant to the

claims and defenses in this case. Accordingly, unless previously produced, Capps shall produce

responsive documents subject to a protective order governing the use of such documents, pursuant

to the procedure set forth above.

**Request No. 23. All administrative review, corrections, and [illegible] and [illegible] summaries from job.[3]**

Capps objected to this request on the grounds it is vague, overly broad, and unduly burdensome. [DE-150] at 6. Capps objected further on the grounds the request seeks personal and confidential information protected pursuant to N.C. Gen. Stat. § 126-22. *Id.*

The request is vague and unclear as to what documents are sought. Although it appears the requests may be seeking documents sought by other requests and therefore cumulative, the request is illegible in parts. Accordingly, Evans' motion is denied without prejudice as to this request.

**Request No. 24. Interview technique, discrimination and community respond manual on Internal Affair Division of Law Enforcement standard with field contact supervision.**

Capps objected to this request on the grounds it is vague, overly broad, and unduly burdensome. [DE-150] at 6. Capps responds that he has provided the complete SHP policy in his supplemental responses, which includes questioning witnesses and the diversity/race/national origin training information. [DE-127] at 6.

The request is vague and unclear in what documents are sought. The request is also overly broad in scope extending to documents unrelated to the claims in this case. Nonetheless, SHP policy on interviewing witnesses and race discrimination are relevant to the claims in this case. Accordingly, unless previously produced, Capps shall produce responsive documents within 14 days of this order.

---

[3] The illegibility of Evans' request is noted on the discovery responses Capps provided to the court. [DE-150] at 6.

**Request No. 25. All medical records and mental evaluation reports since employment with NC State Highway Patrol all copies of internal affairs investigation in this shooting.**

Capps objected to this request on the grounds the request seeks personal and confidential information protected pursuant to N.C. Gen. Stat. § 126-22. [DE-150] at 6. Capps objected further on the grounds that the "Internal Investigation Report contains confidential information that is protected from disclosure under North Carolina Law and will not be released absent court order." *Id.*

Evans does not appear to have made any allegations regarding Capps' health, and it is unclear how the requested materials are relevant to the claims he asserts against Capps. In particular, Evans has made no claims of supervisory liability against Capps. *See, e.g., Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 3738310, at *5 (E.D.N.C. July 29, 2014) (officer's psychological evaluations relevant to plaintiff's claim of negligent retention where plaintiff alleged officer had been diagnosed with PTSD and plaintiff sought to discover extent of supervisor's knowledge of officer's mental condition); *Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2013 WL 2352485, at *14 (E.D.N.C. May 29, 2013) (psychological evaluations of defendant relevant to plaintiffs' claim of negligent hiring/retention/supervision and, in particular, to the issue of notice to defendant's employer), *aff'd in relevant part*, 2013 WL 4039418, at *9 (Aug. 6, 2013). Capps' objections to producing medical and mental health records are sustained and he is excused from producing responsive documents. However, documents stemming from an internal affairs investigation of the incident of March 30, 2014 by the SHP, assuming one was performed, are relevant to claims arising from the incident. Accordingly, unless previously produced, Capps shall produce responsive documents subject to a protective order governing the use of such documents, pursuant to the

13

procedure set forth above.

**B.    Motion to Quash**

Evans caused to be issued several hand-written subpoenas which were filed on June 16, 2017. [DE-130]. One subpoena was issued to "William T. Evans, Highway Patrol (NCSHP)." *Id.* at 7–9. The subpoena seeks the production of "Internal Affair investigation of NCSH Troop[] Christopher Capps, William Richardson, Jason Weissinger in there [sic] entirety, personnel files, disciplinary training, video First 3 Second of Shoot Don't Shoot. All files from Case Records Management Section." *Id.* at 7. A second subpoena was directed to SBI Records Section. *Id.* at 22–24. The subpoena seeks the production of "All files from Case Management Record Section of SBI File 2014-00617 [illegible] and 2014-00618(919), [a]ll video and photo. All statement. Grand jury notes and testimony from all SBI investigation." *Id.*

On June 30, 2017, Movants sought to quash the subpoenas. In their brief, Movants point out that the information Evans seeks from them is the same he has attempted to obtain from Defendants Capps, Weissinger, and Richardson in discovery. [DE-136] at 4. Movants identify the objections asserted by Capps, Weissinger, and Richardson in response to their discovery requests, including the confidentiality of personnel records, pursuant to N.C. Gen. Stat. § 126-2, the immunity from disclosure of criminal investigation records, pursuant to N.C. Gen. Stat. § 132-1.4, and the confidentiality of SBI records not subject to the Public Records Act. *Id.* Movants indicate further they do not know what materials Evans seeks by "disciplinary training, video first 3 seconds of shoot don't shoot and all files from case records management section" and therefore object to this portion of the request on the grounds of vagueness. *Id.*

14

### 1. Standard of Review

Subpoenas issued to nonparties are governed by Rule 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). "In response to such a subpoena, a non-party may either file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45[(d)](3)(A), move for a protective order pursuant to Fed. R. Civ. P. 26(c), or oppose a motion to compel production of the subpoenaed documents pursuant to Fed. R. Civ. P. 45[(d)](2)(B)." *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002)).

Rule 45 adopts the standard codified in Rule 26, which allows for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense" when the discovery request "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, simply because "requested information is discoverable under Rule 26[(b)] does not mean that discovery must be had." *Nicholas v. Wyndham Int'l Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). Rule 26(b)(2) provides a district court may limit "the frequency or extent of use of the discovery methods otherwise permitted" under the Federal Rules of Civil Procedure if it concludes that "(I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* (quoting Fed. R. Civ. P. 26(b)(2)); *see also McDougal-Wilson v. Goodyear Tire & Rubber Co.*, 232 F.R.D. 246, 249 (E.D.N.C. 2005) ("Discovery is not limitless," and "[t]he court has the discretion to protect a

party from 'oppression' or 'undue burden or expense.'") (quoting Fed. R. Civ. P. 26(c)). When considering the propriety of enforcing a subpoena, a trial court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Schaaf*, 233 F.R.D. at 453 (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)). "In the context of evaluating subpoenas issued to third parties, a court 'will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.'" *Id.* (quoting *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005)).

## 2. Analysis

To the extent Movants are unable to identify the materials Evans seeks in his request for "disciplinary training, video first 3 seconds of shoot don't shoot and all files from case records management section," Movants motion to quash is allowed. Upon review of the subpoenas for documents related to Capps, it appears Evans seeks the same documents he has sought from Capps through document discovery. This discovery is therefore cumulative and unnecessarily burdens a non-party. Given that the court's ruling on Evans' motion to compel directs the production of such documents subject to the entry of a protective order, the motion to quash is allowed to the extent it seeks the production of documents related to Defendant Capps. As to all other materials, the motion to quash is denied. Accordingly, Movants shall produce responsive documents subject to a protective order governing the use of such documents. Movants and Evans are hereby directed to file a proposed protective order or separately proposed orders, if they are unable to come to an agreement. Upon entry of a protective order by the court, Movants shall provide documents responsive to this request.

## III. CONCLUSION

For the foregoing reasons Evans' motion to compel [DE-120] is allowed in part and denied in part and Movants' motion to quash [DE-135] is allowed in part and denied in part.

SO ORDERED, the 19th day of September 2017.

Robert B. Jones, Jr.
United States Magistrate Judge