IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CONSOLIDATED ACTION

| | | |
|---|---|---|
| GEORGE REYNOLD EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 7:15-CV-252-BO |
| | ) | |
| CHRISTOPHER CAPPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| GEORGE R. EVANS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 7:17-CV-4-BO |
| | ) | |
| MICHAEL GROOM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the court on Plaintiff's following motions: (1) Motion for Amendment to Supplemental Complaint and Memorandum of Facts and Law [DE-133], (2) Motion to Amend and Supplement Jurisdiction of Authority [DE-139], (3) Motion to Appoint Counsel [DE-137] and (4) Motion to Amend Appointment of Counsel [DE-144].

### I. BACKGROUND

Plaintiff alleges the following facts in his complaint. On March 30, 2014, Plaintiff was sitting in his vehicle in South Carolina when he was surrounded and subsequently pursued by South Carolina authorities in a vehicle chase. After he crossed back into North Carolina he was pursued by approximately forty law enforcement vehicles, including members of the Columbus County

Sheriff's Office and North Carolina State Highway Patrol. Plaintiff ran out of gas and exited the vehicle with his hands raised holding a weapon clearly visible to the officers. Plaintiff was in the process of putting his weapon down when he was shot by law enforcement officers and was hit by approximately forty-three rounds. Plaintiff sustained serious injuries. Plaintiff filed his complaint under 42 U.S.C. §§ 1983, 1985, 1988 alleging that the officer defendants violated plaintiff's civil rights by using excessive force and discriminating against him based on his race. Compl. [DE-1]. The claims raised in this action are for supervisory liability, pattern or practice of disregard of constitutional rights, and failure to properly train/deliberate indifference against Sheriff Hatcher, excessive force, equal protection violation, due process violations, cruel and unusual punishment and racial profiling. [DE-1, -129]. Plaintiff further cites to claims under the North Carolina Constitution and North Carolina General Statutes in his complaint. *Id.*

In an order filed June 26, 2017, the court consolidated the instant case with a subsequent complaint Plaintiff had filed in state court that was removed to this court. [DE-129]. Each of Plaintiff's complaints makes similar claims arising out of the March 30, 2014 incident with law enforcement. In the second case, Plaintiff alleges state law claims for negligence, gross negligence, intentional torts, excessive force, intentional infliction of emotional distress, unconstitutional policy or customs, failure to properly screen, train, and supervise deputies, deliberate indifference to continuing constitutional violations by deputies, and supervisory liability. *Id.* In its order the court directed that all claims raised by Plaintiff shall be adjudicated in the first-filed case and that Plaintiff file an amended complaint by July 14, 2017, alleging all claims raised in the two complaints. *Id.*

On June 30, 2017, Plaintiff filed a motion to amend his allegations to add Robert Mills ("Mills") as a defendant. [DE-133] at 1. It appears Plaintiff also seeks to add James N. Keller

2

("Keller") of the Jacksonville Police Department, as a defendant in his individual and official capacities. *Id.* at 9. According to Plaintiff, Mills is the co-owner of Bob's Auto Center. Plaintiff learned on or about March 10, 2017 during his criminal trial that Mills assisted Defendant Michael Groom by installing a GPS tracking device on Plaintiff's car without a search warrant. *Id.* at 1. According to Plaintiff, Mills provided Groom authority and assistance with illegally tracking Plaintiff Evans by means of GPS. *Id.* at 4. Plaintiff alleges that Mills did not have the authority to pass along Plaintiff's location to Defendant Groom without permission, which he did in violation of due process of law. *Id.* at 2. Plaintiff claims Mills is liable as a state actor under 42 U.S.C. § 1983 for conspiring with local law enforcement officers to violate his constitutional rights. *Id.* at 3. In a declaration Plaintiff filed and incorporated into his motion, Plaintiff alleges Keller lied to the courts in order to obtain a telephone tracking warrant, which led to him being located by law enforcement and ultimately shot multiple times. [DE-134] at 1–2.

On July 5, 2017, in response to Judge Boyle's order, Plaintiff amended his complaint. [DE-137]. In a two-page document Plaintiff informs the court as follows:

> The plaintiff seek [sic] action of gross negligence, violation of the State of North Carolina Constitution under Article 1 sec 1, 14, 18, 19, 21 and 25. In addition to NCGS involving common law tort of excessive force, attempted first degree murder, violation of due process, cruel and unusual punishment, assault with deadly weapon with intent to kill inflicting serious injuries, prejury [sic], subornation of prejury [sic], conspiracy to commit prejury [sic], aiding and abetting, violation of the U.S. Constitution and federal laws along with racial profiling, intentional infliction of emotional distress, eighth amendment, unconstitutional policy and custom and supervisory liability.

*Id.* at 1–2. As part of his amendment, Plaintiff also included a request the court appoint counsel to represent him in this case. *Id.* at 2.

On July 6, 2017, Plaintiff filed a motion to "amend and supplement jurisdiction of authority

pursuant to Federal Rules of Civil Procedure Rule 15 and 14141 and 42 U.S.C. § 1997." [DE-139] at 1. Plaintiff asserts that he seeks "additional authority under application of color of law . . . in accordance with 14141 making it unlawful for state or local law enforcement agency to allow officer to engage in a pattern or practice of conduct" depriving persons of their constitutional rights. *Id.* at 1–2. Defendants McPherson, Byrd, Hern, Barber, Barnes, Noble and Hatcher have objected to Evans's July 6 motion on the grounds that the motion is redundant of claims Plaintiff has already made and Plaintiff's motion is therefore moot as this court has already directed Plaintiff to file an amended complaint in this matter. [DE-143].

## II. DISCUSSION

### A. Plaintiff's Motions to Amend [DE-133, -139]

With regard to motions for leave to amend, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The law is well settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). An amendment is futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *United States ex rel. Fowler v. Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2007)). Per the scheduling order entered in this case, the deadline by which the parties were permitted to add parties expired in February 2017. [DE-74]. However, it appears that Plaintiff learned of the basis of his new allegations in his March 2017 criminal trial and promptly moved to amend the pleadings. The court has also reviewed Plaintiff's claims and cannot determine them to

4

be futile at this time. Accordingly, Plaintiff's motions are ALLOWED. However, Plaintiff is ORDERED to file an amended complaint, containing all factual allegations and legal claims he wishes to assert in this action. Plaintiff must file his amended complaint within 14 days and the amended complaint must be filed on the form which the Clerk of Court is DIRECTED to provide Plaintiff.

### B. Plaintiff's Motions to Appoint Counsel [DE-137, -144]

Plaintiff moves for appointment of counsel to assist with litigating this action. This is Plaintiff's third and fourth motions to appoint counsel. As stated in the court's previous orders denying Plaintiff's requests for counsel [DE-101, -145], there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (quoting *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982)); *see also Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

As stated in the court's previous orders denying Plaintiff's requests for counsel, Plaintiff has demonstrated through the detail of his filings he is capable of proceeding *pro se*. Additionally, Plaintiff's claim is not complex and is not one in which exceptional circumstances merit appointment of counsel. Therefore, Plaintiff's motions to appoint counsel [DE-137, -144] are DENIED.

5

## III. CONCLUSION

In summary the court rules as follows:

(1) Plaintiff's motions to amend [DE-133, -139] are ALLOWED. However, Plaintiff must file his amended complaint within 14 days of this order setting forth both the factual allegations and legal claims he wishes to assert. Plaintiff must file his amended complaint on the proper form. The clerk of court is DIRECTED to send Plaintiff the form for filing a civil rights action. Failure to comply with the terms of this court's order may result in dismissal of the action without prejudice.

(2) Plaintiff's motions to appoint counsel [DE-137, -144] are DENIED.

So ordered, the 20th day of September 2017.

Robert B. Jones, Jr.
United States Magistrate Judge