IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CONSOLIDATED ACTION

| | | |
|---|---|---|
| GEORGE REYNOLD EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 7:15-CV-252-BO |
| | ) | |
| CHRISTOPHER CAPPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| GEORGE R. EVANS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 7:17-CV-4-BO |
| | ) | |
| MICHAEL GROOM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On August 24, 2017, Plaintiff filed two motions entitled "Motion to Request Introduction of Evidence in Defendants' Custody." [DE-153, -154]. The motions appear to be identical in all respects. According to his motions, Plaintiff seeks to introduce evidence that is in the custody and control of the Attorney General which Plaintiff contends he is unable to possess because of his incarcerated status. Plaintiff would like to introduce all video from the North Carolina State Highway Patrol (NCSHP) and the Columbus County Sheriff's Department and all audio from the State Bureau of Investigation (SBI) and NCSHP internal investigations. Plaintiff argues that while he is not allowed to have this information because it is considered contraband he asks for an arrangement be made with the Attorney General's office so that he may review this evidence.

Defendants Capps, Richardson and Weissinger ("SHP Defendants") have provided Plaintiff with copies of four videos as part of their initial disclosures and provided all audio recordings in their custody with their supplemental discovery responses. [DE-155]. SHP Defendants also appear to have included requested video and audio recordings with their motion for summary judgment. *See* [DE-178-2 through DE-178-3]. SHP Defendants' counsel have also sent another copy of the videos to the superintendent of the facility where Plaintiff is housed with instructions to permit Plaintiff to view the videos and for Plaintiff to sign a verification that he reviewed the videos which is to be filed with the court. According to SHP Defendants, Plaintiff has already reviewed the audio recordings and filed a verification to that effect. [DE-152] at 2. SHP Defendants do not have custody or control of video from Columbus County Sheriff's Department.

The remaining defendants respond they do not have custody or control over materials provided to, obtained by, or maintained by the SBI, nor do they have any control over what Plaintiff is permitted to review while incarcerated. [DE-156].

Based on the foregoing, Plaintiffs' motions are denied to the extent Plaintiff seeks an order compelling production for the reasons that the materials over which any defendant has custody or control appear to have been produced and the motion is therefore moot. To the extent Plaintiff's motions seek an order from the court as to the admissibility of such materials into evidence the motions are denied without prejudice for the reasons that such a request is premature and without proper legal foundation.

So ordered, the 19th day of October 2017.

Robert B. Jones, Jr.
United States Magistrate Judge